UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHERIE RENEE DILLON,<br><br>　　　　Defendant. | Case No. 1:16-cr-0037-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendant Dillon's motion to stay enforcement of the Amended Judgment and for release from incarceration pending appeal. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

## LITIGATION BACKGROUND

Dillon was originally charged with 24 counts of health care fraud and 24 counts of aggravated identity theft. The case went to trial, and after the Government rested its case, Dillon pled guilty to all counts, and she was later sentenced to 60 months incarceration. Following a hearing, the Court imposed forfeiture of $847,016, and ordered restitution in the sum of $139,769.80. Dillon

filed a notice of appeal and started serving her sentence on August 14, 2017. Her appeal is pending. Dillon now asks the Court to release her pending her appeal and to stay enforcement of the monetary judgment against her.

## ANALYSIS

The burden is on Dillon to overcome the presumption that she should be detained pending appeal. *U.S. v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990). Among other things, she must raise a "substantial question of law or fact, which, if she prevails, is likely to result in either the reversal of her conviction, a new trial or a sentence that does not include a sentence of imprisonment." *See* 18 USC § 3143(b)(1). A substantial question "is one that is fairly debatable," or "fairly doubtful." *U.S. v. Handy,* 761 F.2d 1279, 1283 (9th Cir. 1985). "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.*

Dillon argues that she has raised a substantial question because (1) the Government failed to provide adequate notice under Rule 32.2(a) as to the amount of the forfeiture; and (2) the Government should be estopped from claiming a forfeiture amount that materially varies from the amount that was alleged in the Superseding Indictment and represented at the change of plea hearing.

However, the Court addressed those same arguments at length in a prior decision and rejected each of them. *See Memorandum Decision (Dkt. No. 102).*

**Memorandum Decision & Order – pg. 2**

The Court's analysis in that decision demonstrates that Dillon's arguments are not "fairly debatable" and do not raise a "substantial question."

Regarding the restitution, the Government states that its understanding is that "if restitution is paid, while an appeal potentially affecting restitution is pending, the Court Clerk will hold the restitution amount until the appeal terminates, absent other direction from the Court. If this were inaccurate, the United States would request that the Court Clerk not disburse the restitution until the appeal is final." *See Government Brief (Dkt. No. 123)* at p. 14. The Court will direct the Clerk to hold any restitution payment until the appeal terminates, absent any other direction from the Court.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to stay enforcement and for release from incarceration (docket no. 109) is DENIED.

IT IS FURTHER ORDERED, that the Clerk to hold any restitution payment until the appeal terminates, absent any other direction from the Court.

DATED: May 4, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge