UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHERIE RENEE DILLON,<br><br>    Defendant. | Case No. 1:16-cr-037-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it a motion for compassionate release. The motion is fully briefed and at issue. For the reasons set forth below, the Court will deny the motion.

### FACTUAL BACKGROUND

In 2017, the Court sentenced Dillon to 5 years imprisonment after she pled guilty to all 24 counts of the Superseding Indictment following the Government's presentation of its evidence at trial. Those 24 counts contained allegations of health care fraud and identity theft. Dillon, a dental hygienist, impersonated a dentist; performed dental treatment outside the scope of her hygiene license, such as extractions and dentures; prescribed controlled substances to children to make them easier to work on; submitted thousands of fraudulent claims in the name of the dentist she impersonated; and used proceeds out of the business account to purchase for herself and her family plastic surgery, theatre tickets, international trips, etc. Over several years she defrauded Medicare, Medicaid, private insurance, other contract dentists who worked with her, and

Memorandum Decision & Order – page 1

put numerous patients at risk, while fraudulently billing over $1.4 million.  The Court imposed restitution of $316,778.25 and forfeiture of $847,016.  Dillon did not reveal in the financial section of her Presentence Report that she had hid over $300,000 in cash and coins in the crawl space of her home.  Agents discovered that later and seized the money.

Dillon is 65 years old and suffers from high blood pressure, fibromyalgia, thyroid, hernia, obesity, a family history of heart disease, a stroke in 2016, and back problems that required surgery in 2014 and will require additional surgery.  She is housed at FCI Aliceville in Alabama with a projected release date of November 15, 2021.  That facility has one inmate and two staff members with active COVID-19 cases.  *See bop.gov/coronavirus/* (last visited July 21, 2020).

Dillon has now filed a motion to reduce her sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c).  The Government objects to a compassionate release.

## LEGAL STANDARDS

In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in

**Memorandum Decision & Order – page 2**

combination with the previously described categories. See USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

Dillon has several health concerns but she has access to medical care in the jail facility and her condition is stable. Her health records do not show that she is suffering from a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *See* USSG § 1B1.13, cmt. n.1(A)(ii).

This could change if she is infected with COVID given her age and health concerns. But at this time, the Aliceville facility has had only one inmate, and two staff, test positive for COVID, as discussed above. Releasing Dillon to return home to Idaho will not necessarily place her out of harm's way given the surge of COVID infections in Idaho.

Most importantly, Dillon engaged in an extensive and egregious fraud that put patients – including children – at risk. She did not plead guilty until after the Government had put on all its evidence at trial, and during the sentencing process tried to conceal over $300,000 in cash and coins. At her sentencing hearing, during her allocution, she refused to recognize that she was engaged in an intentional fraud. *See Sentencing Transcript (Dkt. No. 88)* at p. 71. The sentence imposed – 5 years – was below the Guidelines and represented the minimum necessary to achieve the objectives of § 3553(a), the sentencing statute. Because she has this history of fraud and identity theft,

**Memorandum Decision & Order – page 3**

combined with a substantial restitution and forfeiture obligation, the Court cannot find that she "is not a danger to the safety of any other person or to the community" as the statute quoted above requires.

For all these reasons, the Court will deny the motion for compassionate release.

## ORDER

In accordance with the Memorandum Decision set forth above

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for compassionate release (docket no. 173) is DENIED.

DATED: July 24, 2020

B. Lynn Winmill
U.S. District Court Judge