UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHERIE R. DILLON,<br><br>Defendant. | Case No. 1:16-cr-00037-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the government's Motion (1) to Order the United States Marshals Service to Transfer Cash to Clerk for Restitution; (2) to Order USMS to Liquidate Silver Rounds and Other Property Levied that is Not in Dispute; (3) to Rule on Ken Dillon's Objection to Notice of Levy; and (4) to Order Coins Liquidated, if the Court Denies the Objection to Notice of Levy (Dkt. 179). For the reasons explained below, the Court will conduct an evidentiary hearing regarding Ken Dillon's objection to the Notice of Levy. Otherwise, the Court will grant the government's motion, although it will direct the Court Clerk to hold the funds until Ms. Dillon's pending motion under 28 U.S.C. § 2255 is finally resolved.

MEMORANDUM DECISION AND ORDER - 1

## DISCUSSION

Cherie Dillon was charged with 24 counts of heath care fraud and 24 counts of aggravated identity theft. She pleaded guilty to all counts after the first week of trial. The Court sentenced her to 60 months' incarceration and ordered forfeiture of $847,016 and restitution of $316,778.25.[1] Ms. Dillon did not timely pay the restitution amount, which ultimately led to this Court issuing a writ of execution. *See* Dkts. 136, 139.

In June 2018, the United States Marshals Service levied on property located at Ken and Cherie Dillon's home in Fruitland, Idaho. *See* Dkts. 141, 142. The Marshals levied on these items:

(1) <u>Buckets of Cash</u>: Two buckets of United States paper currency. *See* Dkt. 142, ¶¶ 8-9 (referring to "black bucket #1 and "black bucket #2).

(2) <u>Silver Rounds</u>:  Several ammunition containers full of silver rounds and other coinage. *See id.* at 3 (Box Nos. 1-7).

(3) <u>Coin Collection</u>: A collection of dimes, quarters and half-dollars. *See id.* at 3 (Box No. 8).

(4) <u>Miscellaneous Coins & Other Items</u>:
    a. $.50 Liberty blue box coin;
    b. $1.00 coin in a casing;

---

[1] The Court originally ordered restitution in the amount of $139,769.80. After the government's successful appeal on this issue, the Court amended the restitution amount to $316,778.25. *See June 11, 2019 Am. Judgment,* Dkt. 169. The government reports that the current total restitution and related penalties and surcharges is $342,767.25. *See Motion Mem.,* Dkt. 179, at 5.

      c. two boxes of Sacajawea dollar coins with 50 coins in each box;
      d. foreign currency;
      e. $33 in loose Sacajawea dollar coins; and
      f. a number of $2-dollar bills.

*See id.*; *Baxley Aff*, Dkt. 151-1. The cash contained in the buckets, along with the $33 in Sacajawea coins and the $2 bills, was counted for a total of $252,182. Those monies were was deposited in a USMS account, where they still sit. The silver rounds and other items listed above have not been liquidated. The defendant's husband, Ken Dillon, says the coin collection listed at paragraph 3 is his separate property. These particular coins (silver dimes, quarters, and half-dollars) have a face value of around $430, and an appraised value of roughly $4,900. *See Notice of Levy,* Dkt. 142, *Ex. thereto*, at 3-4 (contents of "Box #8 (Ammo Can)").

**A.**    **The Government's Motion to Liquidate Property & Transfer Cash**

The government requests an order directing the USMS to liquidate the silver rounds and to transfer the proceeds from that sale to the Clerk of the Court, which would then be applied against the restitution order. The government also asks for an order directing the USMS to transfer the $252,182 in cash to the Clerk of the Court. Finally, the government asks the Court to resolve Mr. Dillon's claim to the coin collection. The Defendant does not object to any of these requests, although she asks the Court to refrain from ordering restitution payments or

**MEMORANDUM DECISION AND ORDER - 3**

otherwise distributing funds until her Motion under 28 U.S.C. § 2255 has been finally resolved. The government does not object to this request.

Under these circumstances, the Court will largely grant the government's requested relief. It will also grant Ms. Dillon's request to stay restitution payments or other distribution of the funds. The remaining substantive task at this point, then, is to resolve Mr. Dillon's objection to the Notice of Levy.

**B.     Ken Dillon's Objection**

Mr. Dillon objected to the levy of a collection of silver dimes, quarters, and half-dollars. The face value of these coins is $428.25, though they were appraised in 2018 at 11.38 times their face value, for a total of $4,873.48. *See Notice of Levy*, Dkt. 142, at 3-4. Mr. Dillon says he acquired these coins before he married Ms. Dillon.

Mr. Dillon has the burden of establishing that the coins are separate property with "reasonable certainty and particularity." *Estate of Hull v. Williams*, 885 P.2d 1153, 1157 (Idaho Ct. App. 1994) (*citing Houska v. Houska*, 512 P.2d 1317, 1319 (Idaho 1973)). "This may be done by establishing that the property was acquired by one spouse prior to the marriage . . . ." *Id.* at 1157. However, "[w]here the source of an asset is unknown or unprovable, by application of the community property presumption the asset is deemed community property even though no evidence exists as to its community nature." *Id.* In sum, the person

claiming the property is separate property carries "the burden of persuasion to rebut the community property presumption . . . ." *Reed v. Reed*, 44 P.3d 1108, 1115 (Idaho 2002).

The government says Mr. Dillon has provided "nothing more than his self-serving statement that he acquired the coins before marriage" and has thus failed to rebut a community-property presumption. *Response,* Dkt. 151, at 1. The government also points out that when Mr. Dillon was deposed, he said he did not have a coin collection or silver. *Id.* at 5. But Mr. Dillon later amended his deposition testimony. He explained that he had forgotten about his silver coin collection and that he accumulated it "for many years, while [he] was in the Navy (pre-1993)." *See Response,* Dkt. 152, at 3. Mr. Dillon also points out that the coins at issue are "old" – most likely minted in the 1960s or earlier. He says this fact corroborates his testimony. Of course a person can purchase "old" coins at any time, so that evidence is of limited use. Still, though, the fact the coins are older is consistent with Mr. Dillon's claim that he collected the coins over the years, *before* he married Ms. Dillon in 1995.

On this record, the Court deems it necessary to conduct an evidentiary hearing. At that hearing, the Court will expect to hear further detail from Mr. Dillon regarding his acquisition of the coins. The Court will reserve ruling on Mr. Dillon's objection until after the hearing, which will be set by separate notice.

### C.  Miscellaneous

The Court will also resolve the following details:

(1)  The Court will authorize the Marshals to return seized items to the Dillons if the government determines that the value of any given item is not sufficient to justify liquidation. This may include, for example, and without limitation: (1) the ammunition cans; (2) miscellaneous coins; and (3) foreign currency.

(2)  In previous motions, the government indicated that the value of the items levied upon could potentially exceed the amount of the restitution order. The government thus asked the Court to order any surplus remaining – after satisfying the restitution, penalties, surcharges, and USMS costs – to go to the USMS to pay toward the forfeiture judgment. *See* Dkts. 140, 145. At the time these motions were filed, the restitution order stood at $139,769.80. The Court later adjusted the restitution order upward, to $316,778.25. Additionally, the government reports that the current total restitution and related penalties and surcharges is $342,767.25. *See Motion Mem.*, Dkt. 179, at 5. Given these dollar amounts, as compared to the reported value of the items levied upon, it seems unlikely that the amount transferred to the Court will exceed the amount of the restitution currently owing. Nevertheless, if the value of the seized items and cash *does* exceed the restitution order, the Court will grant the government's request to

order any surplus remaining – after satisfying the restitution, penalties, surcharges, and USMS costs – to be held for application toward the forfeiture judgment. Again, though, these amounts will be held with the Clerk of the Court until Ms. Dillon's § 2255 motion is finally resolved.

## ORDER

IT IS ORDERED that:

1. The Court will **RESERVE RULING** on third party Ken Dillon's Objection to Notice of Levy (Dkt.147)

2. The United States' Motion (1) to Order USMS to Transfer Cash to Clerk for Restitution; (2) to Order USMS to Liquidate Silver Rounds and Other Property Levied That is Not in Dispute; (3) to Rule On Ken Dillon's Objection To Notice Of Levy; and (4) To Order Coins Liquidated, if the Court Denies the Objection to Notice Of Levy (Dkt. 179) is **GRANTED in part and DENIED in part as follows:**

    a. Regarding the $252,182 that was deposited into a USMS account, the USMS is ordered to deduct its reasonable costs and fees related to levying upon this cash and to then transfer the balance of the account to the Court Clerk, which shall be held for application against restitution owed by Ms. Dillon.

    b. Regarding the silver rounds listed in the Notice of Levy at Dkt. 142,

the USMS is ordered to liquidate these rounds and to then transfer the proceeds to the Clerk of the Court, after the USMS deducts its reasonable costs and fees of liquidation and storage.

   c. Regarding the <u>miscellaneous property listed in paragraph 4(a)-(f)</u> of this Order, as well as the <u>ammunition cans</u> listed in the Notice of Levy, the USMS is authorized to do any of the following: (1) liquidate the items; (2) deposit the items with a bank (if cash); or (3) if the government determines the value of any item is not sufficient to justify liquidation, the USMS may return such items to defendant.

   d. The government's request to liquidate the coin collection claimed by Mr. Dillon as his separate property is **DENIED WITHOUT PREJUDICE**. The government may renew this motion, if appropriate, after the Court conducts an evidentiary hearing regarding Mr. Dillon's objection. That hearing will be set by separate notice.

3. If the value of the seized items and cash referenced in this Order exceeds the amount of restitution owing, the surplus shall be held for application toward the forfeiture order.

4. All funds transferred to the Court will be held with the Clerk of the Court until Ms. Dillon's § 2255 motion is finally resolved.

5. Given the above orders, the government's Motion for Order Restraining and Protecting Seized Property (Dkt. 140) and Motion to Count Cash Levied and Satisfy Restitution, Penalties, Surcharges and USMS Costs (Dkt. 145) are **DEEMED MOOT.**

DATED: January 4, 2021

B. Lynn Winmill
U.S. District Court Judge