UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHERIE R. DILLON,<br><br>Defendant. | Case No. 1:16-cr-00037-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the government's Motion for Turnover Order re Defendant's Pending Social Security Disability Payment and Related Relief (Dkt. 186). For the reasons explained below, the Court will grant in part, deny in part, and find moot in part.

## BACKGROUND

**1. The Judgment**

Cherie Dillon was charged with 24 counts of heath care fraud and 24 counts of aggravated identity theft. She pleaded guilty to all counts after the first week of trial. The Court sentenced her to 60 months' incarceration and ordered

MEMORANDUM DECISION AND ORDER - 1

forfeiture of $847,016 and restitution of $316,778.25.[1] Ms. Dillon was released from prison on November 15, 2021. She did not timely pay the restitution amount, however, which ultimately led to this Court issuing a writ of execution while she was in prison. *See* Dkts. 136, 139.

## 2. The Post-Judgment Levy

In accordance with that writ, in June 2018, the United States Marshals Service levied on property located at Ken and Cherie Dillon's home in Fruitland, Idaho. *See* Dkts. 141, 142. The Marshals levied on various items, including: (1) <u>two buckets of U.S. paper currency</u>; (2) several ammunition containers full of <u>silver rounds</u> and other coinage; (3) <u>a coin collection</u> of dimes, quarters, and half-dollars; and (4) <u>miscellaneous coins and other items</u>. The cash contained in items (1) and (4) totaled around $252,182, and this Court previously ordered the United States Marshals Service (USMS) to deduct its reasonable fees and costs and to then transfer the balance of those funds to the Clerk of the Court, which were to be held for application against the restitution amounts owed by Ms. Dillon. *See* Dkt. 182, at 7. Additionally, regarding the silver rounds, the Court previously granted the government's request to liquidate those items. (As of this writing, the Court does not know the liquidation value of the silver rounds.) Otherwise,

---

[1] In August 2020, the government reported that the then-current total restitution and related penalties and surcharges amounted to $342,767.25. *See* Dkt. 179, at 5.

**MEMORANDUM DECISION AND ORDER - 2**

regarding item (3) above (a coin collection), Ken Dillon has asserted that the collection is his separate property, and the Court previously denied, without prejudice, the government's motion to liquidate the collection.[2]

As of this date, though, it appears that Ms. Dillon will continue to owe toward the restitution obligation even after applying the above items toward restitution. Thus, in September 2021, the government filed a motion asking the Court to order 25% of Ms. Dillon's social security disability payment to be paid to the Clerk of the Court, for application toward the restitution obligation. After that motion was filed, the parties filed a stipulation indicating as follows:

> The parties hereby stipulate to the Social Security Administration being ordered to pay to the Clerk of the U.S. District Court for the District of Idaho, 550 W. Fort St., Boise, Idaho 83724, 25% (or approximately $16,060.75) ("Disability Restitution Payment") of the total lump sum payment due to Defendant for social security disability insurance. . . . The parties agree that the Clerk shall apply the Disability Restitution Payment toward Defendant's criminal restitution debt in this case.

*Oct. 28, 2021 Stip.*, Dkt. 187. Within a week, though, Ms. Dillon sent a letter to the Court saying this: "I am signing this stipulation under duress just as I pleaded guilty in January 2017. I intend to appeal this to the Supreme Court and as long as I have a breath in me I will continue to fight." *Letter,* Dkt. 189, at 1.

---

[2] The Court will conduct an evidentiary hearing and, if appropriate, the government may renew its motion for liquidation after the hearing.

**MEMORANDUM DECISION AND ORDER - 3**

Still, though, aside from this filing, Ms. Dillon has not explained why the Court should not grant the requested relief. To be sure, Ms. Dillon has not cited to any legal authorities or otherwise meaningfully responded to the government's motion.

## DISCUSSION

In its moving papers, the government explained that in seeking to enforce the restitution, it is entitled to use common-law remedies to recover money owed to it, including the right of setoff. *See Motion Mem.* Dkt. 186 (citing numerous authorities, including *Dunn & Black, P.S. v. United States,* 492 F.3d 1084, 1093 n.10 (9th Cir. 2007) (recognizing that if a debtor owes the government and the government owes the debtor, the government may offset to collect)). The government also explains that, in this particular case, it is only seeking to recover 25% of the lump-sum social security disability payment, rather than the full amount. *See* Dkt. 186 n.3; *see also* 15 U.S.C. § 1672. As already noted, Ms. Dillon missed the deadline to oppose the motion, and, further, the parties stipulated that the Social Security Administration may be ordered to pay 25% of that payment to the Clerk of the Court. Under these circumstances, the Court will order the Social Security Administration to make the referenced payment.

Otherwise, the Court understands that, at this point, just one other item remains at issue. By way of background, when it filed its September 16, 2021

motion, the government laid out a series of requests, in four separate paragraphs. *See Motion,* Dkt. 186, at 1-2. In a later, November 1, 2021 filing, though, the government notified the Court that only the first of these four requests remains outstanding. That first request reads as follows:

> *First,* the United States moves the Court to order the U.S. Marshals Service (USMS) to pause any payment to the Clerk of Court toward restitution and related penalties and surcharges until the Court has had a chance to rule on the other relief requested in this motion."

*Motion,* Dkt. 186, at 1, ¶ 1. The government went on to explain that it was seeking this particular relief "on an ex parte basis so that the Court has time and ability to decide the other relief requested herein." *Id.* The Court is not entirely clear as to the reference to the relief being sought ex parte; the motion was served on opposing counsel. And the request for an order to the USMS to "pause any payment to the Clerk of Court toward restitution" is also confusing because this Court has already ordered the USMS to transfer certain funds held by the USMS to the Clerk of Court, which would be held for application against the restitution owed by Ms. Dillon. *See* Dkt. 182, at 7, ¶ 2.a.

In its November 1, 2021 Notice, the government explains that Request No. 1 – again, the request that the USMS pause payments to the Clerk of Court – is a "timing issue." *Notice,* Dkt. 188, at 1. The Notice provides this explanation: "The government seeks an order directing the USMS to distribute the funds it holds,

**MEMORANDUM DECISION AND ORDER - 5**

after deducting its reasonable costs and fees, to the Clerk of Court in payment of restitution and related penalties, surcharges, and interest (if any) **after** the Disability Restitution Payment is paid and applied toward Defendant's monetary penalties. *Id.* (emphasis in original).

The Court will deny this request, but only because it does not have the appropriate context or information so as to make an informed decision. The denial will be without prejudice.

## ORDER

**IT IS ORDERED that** the Government's Motion for Turnover Order re Defendant's Pending Social Security Disability Payment and Related Relief (Dkt. 186) is **GRANTED IN PART, DEEMED MOOT IN PART, AND DENIED WITHOUT PREJUDICE IN PART** as follows:

1. For the reasons explained above, the motion is **DENIED WITHOUT PREJUDICE** as to the request made in paragraph 1 of the motion.
2. The request made in paragraph 2 of motion is **GRANTED** in that the Court hereby orders that 25% of Defendant Cherie Dillon's impending social security disability payment shall be paid to the Clerk of the Court, for application toward Defendant's criminal restitution. The Court understands that the disability payment will be $64,243, which means that 25% of that amount (or $16,060.75) shall be turned over to the Clerk of the

Court, and the Clerk shall apply that amount toward Defendant's criminal restitution in this case. The Social Security Administration shall pay to Defendant the remaining amount of the social security disability insurance lump-sum payment in the normal course of its procedures and in accordance with its rules, regulations, and policies.

3. The motion is **DEEMED MOOT** as to the requests made in paragraphs 3 and 4 of the motion.

DATED: January 4, 2022

_____
B. Lynn Winmill
U.S. District Court Judge