U.S. COURTS

NOV 3 0 2023

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT
FOR THE NINTH CIRCUIT OF IDAHO
BOISE DIVISION

CHERIE RENEE' DILLON, (PRO SE)

v.

case number: 1:17-cv-0498-BLW
related case: 1:16-cr-0037-BLW
related case: 1:23-cv-0355-REP
1:23-cv-0355-DCN

The United States of America,

## MOTION

### DEFENDANT'S REQUEST TO STAY PROCEEDINGS UNTIL FINAL RESOLUTION OF PENDING MOTIONS

### DEFENDANT'S REPLY TO GOVERNMENT'S REQUEST FOR DEFAULT

1.  COMES NOW, to this Honorable Court, Cherie Renee' Dillon, appearing pro se before the tribunal, requesting a stay of all proceedings in the above captioned case numbers until final resolution of any motions currently pending before this court. The Movant had filed several petitions for relief, however, she has not received a response from the court to-date.
The Movant's requests asks for relief that would save an abundance of judicial resources by preventing duplicative litigation, and that which could possibly alter the trajectory of the proceedings. It is imperative that the Movant's motions are disposed of prior to any further judgments made in this court.

2.  In, Carrol v. McColl, 2009 US Dist Lexis 9170, (2/9/2009), the 9th circuit district court for the district of Idaho determined that a stay of the proceedings was warranted to resolve pending motions. The district court utilized the findings in Landis v. North Am. Co., 299 U.S. 248, 254; 57 S.Ct. 163 (1936), and, Leyva v. Certified Grocers of California, 593 F.2d 857, 863-64 (1979), which provides, "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants", (citing) Landis v. North Am. Co., 299 US 248, 254; 57 S.Ct. 163 (1936). Also, "A trial Court may with propriety find it is efficient for it's own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court", (citing) Leyva v. Certified Grocers of California, 593 F.2d 857, 863-64 (1979).

3.  Further, the government is mistaken in regards to the civil complaint filed, which was docketed as case number 1:23-cv-0355 (1:23-cv-0355-DCN). The Petitioner had filed a timely reply on August 25, 2023, to the civil complaint using case number: 1:23-cv-0355-REP. The government's error is detrimental to the fairness of these proceedings.

4.  Furthermore, the government (Asst. U.S. Atty., William Humphries) had requested an extension in September-October 2023 to assist in the management of their caseload. The Movant believes that a stay is not only beneficial to the Defendant but also to the government as well. ---- "When determining whether a stay is warranted, the court must balance the hardships to the parties", see: Dependable Hwy. Exp., Inc. v. Navigators Ins co. 498 F.3d 1059 at 1066, (9th cir, 2007).

The Movant believes that a stay of these proceedings is warranted under the circumstances.

---

## UNSWORN DECLARATION
## 28 USC 1746

I, Cherie Renee' Dillon, of sound mind, do hereby declare under any applicable penalties that the foregoing is true and correct to the extent of my knowledge, understanding, and recollection, and that a true copy of this petition has been properly addressed for delivery to the district court of caption, with first-class postage pre-paid, on the date specified below.

Submitted on _11_ / _27_ /2023.

_Cherie Renee' Dillon_
Cherie Renee' Dillon