UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHERIE R. DILLON,<br><br>Defendant. | Case No. 1:16-cr-00037-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are the following motions filed by Defendant Cherie Dillon: (1) a Motion to Quash Turnover Order (Dkt. 219); (2) a Motion to Disqualify the Judge (Dkt. 235); and (3) a Motion to Stay the Proceedings (Dkt. 240). For the reasons explained below, the Court will deny each motion.

## BACKGROUND

Dillon was charged with 24 counts of heath care fraud and 24 counts of aggravated identity theft. She pleaded guilty to all counts after the first week of trial. The Court sentenced her to 60 months' incarceration and ordered forfeiture of $847,016 and restitution of $316,778.25. As of this date, Ms. Dillon has satisfied her forfeiture and restitution obligations. She has not yet satisfied the $550,000 judgment in a related civil case. *See U.S. v. Dillon*, No. 17-cv-498.

MEMORANDUM DECISION AND ORDER - 1

## DISCUSSION

### A. Motion to Disqualify

The Court will begin with the motion to disqualify. Disqualification, or recusal, of judges is governed by 28 U.S.C. §§ 144 and 455. Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding … makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Section 455 has two disqualification provisions. The first, § 455(a), provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The second, § 455(b), lists specific grounds for disqualification.  Section 455(a) requires disqualification for the appearance of impartiality, § 455(b)(1) for actual partiality.

Dillon has not shown that either section—or any case interpreting those sections—applies in this case. Disqualification is not required where only vague allegations of bias and prejudice are asserted, or where those allegations arise from the adjudication of claims or cases by the court during the course of litigation. Such alleged errors are "the basis for appeal, not recusal." *Focus Media, Inc. v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004).

Dillon's request for disqualification is based on the Court's rulings in this case and, therefore, has no legal basis. Nor has Dillon has made a showing that the Court's rulings have been the "product[] of deep-seated favoritism or antagonism that made fair judgment impossible." *Id*. (internal quotation marks and alteration omitted). Dillon's vague allegations of bias or impartiality are insufficient. Accordingly, her motion for disqualification will be denied for lack of a viable legal theory and insufficient supporting evidence. With this ruling in place, the Court will turn to the remaining motions, beginning with the motion to quash.

B.   **Motion to Quash Turnover Order**

   1.   **The $16,060.75 Payment**

The primary focus of Ms. Dillon's motion to quash relates to a one-time, lump-sum payment to the government of $16,060.75, which represented 25% of a social security disability payment then owed to Ms. Dillon. In January 2022, the Court ordered the Social Security Administration to pay that amount to the Clerk of the Court, for application toward Ms. Dillon's restitution obligation. *See* Dkt. 192. Ms. Dillon, who was represented by counsel at the time, signed a stipulation agreeing that the Social Security Administration could make such a payment.. *See Stipulation*, Dkt. 187. One week after signing the stipulation, however, and before the Court ruled on that motion, Ms. Dillon sent a letter to the Court,

saying, "I am signing this stipulation under duress just as I pleaded guilty in January 2017. I intend to appeal this to the Supreme Court and as long as I have breath in me, I will continue to fight." *Letter,* Dkt. 189. As the Court noted, however, Ms. Dillon did not otherwise explain why the Court should deny the stipulated motion. She did not cite any authorities, and she did not address the substance of the government's motion. Plus, she did not follow up with any additional filing between the date she sent that letter (around November 2, 2021) and the date the Court ruled on the motion (January 4, 2022).

In October 2022—over 10 months after the Court issued its January 2022 ruling—Ms. Dillon filed the pending motion to quash the turnover over. She seeks relief under Federal Rule of Civil Procedure 60(b)(4) and (6).

The Court is not persuaded that Dillon is entitled to relief under either subsection. Starting with Rule 60(b)(4), that provision authorizes courts to relieve a party from a final judgment if that judgment is "void." Fed. R. Civ. P. 60(b)(4). "A void judgment is a legal nullity." *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). The Supreme Court has explained that a "void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* Thus, even assuming there was some error in this Court's turnover

**MEMORANDUM DECISION AND ORDER - 4**

over, that error would not render the judgment "void." *Id.* The reason is simple: a Rule 60(b)(4) motion is not intended to serve as a substitute for an untimely appeal. *Id.* For these reasons, Ms. Dillon cannot successfully challenge the turnover order under Rule 60(b)(4).

She fares no better under Rule 60(b)(6). Sub-section (b)(6) is a catchall, providing that a court may relieve a party from a final judgment or order "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Ms. Dillon's primary argument is that the Court's turnover order was erroneous. In a nutshell, she argues that the government should not have been allowed to access any portion of her social security disability payment. The Court is not persuaded by this argument for the reasons outlined in the government's response brief. Plus, as already noted, a Rule 60(b) motion should not serve as a substitute for an untimely appeal.

Another problem with Ms. Dillon's motion is that it is untimely. Motions for relief under Rule 60(b)(6) must be filed within a "reasonable" time. *See* Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time "depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981). Here, the government does not identify any prejudice, so that factor

**MEMORANDUM DECISION AND ORDER - 5**

weighs in Ms. Dillons' favor. But the other factors weigh in favor of denying the motion. Waiting 10 months to challenge the turnover order does not serve the interests of finality. And as for the reason for the delay in seeking relief, and the ability to learn the grounds relied upon, Ms. Dillon has not offered any sufficient explanation. In short, after having considered the relevant factors, the Court cannot find that Ms. Dillon brought her motion within a reasonable time. The motion will therefore be denied for the additional reason that it is untimely.

2. **The Ongoing, 15% Payments related to the Civil Judgment**

In her reply brief in support of the motion to quash, Ms. Dillon raised a new issue: She referenced the ongoing "garnishment" of her social security payments. *See Reply,* Dkt. 225, at 3. She says the government is wrongly garnishing 25% of her monthly social security checks even though "the criminal money judgments have been satisfied in this case." *Id.* That new argument spawned an extensive round of briefing, with the government moving to strike the reply, or, alternatively, being allowed to file a sur-reply. *See* Dkt. 226. The motion to strike has now been fully briefed. *See* Dkts. 226, 227, 228, 229, 232, 233.[1] Within that briefing, the new issue raised on reply (the ongoing deductions

---

[1] Within that round of briefing, Ms. Dillon requested an extension to file a reply brief. *See* Dkt. 230. The Court will retroactively grant that motion. As for the government's motion (Continued)

from Ms. Dillon's social security checks) has been fully ventilated, so the Court will address the issue. At the most general level, the Court will not grant the relief Ms. Dillon is seeking with respect to those deductions because those deductions were not addressed in the challenged turnover order. Rather, those deductions relate to the government's $550,000 judgment in it civil case against Ms. Dillon. *See United States v. Dillon,* No. 17-cv-498. Ms. Dillon cannot properly challenge the government's effort to collect the civil judgment within this criminal case.

    The Court will note, however, that based on the government's explanations and filings, nothing appears to be amiss. It's worth clarifying that there are two separate social security-related issues in the two cases. The first is the single, lump-sum payment of **$16,060.75,** described above. *That* payment was the subject of the turnover order Ms. Dillon challenged in her motion to quash, and it was applied to Ms. Dillon's restitution obligation in this criminal case. Significantly, the turnover order did not address any ongoing offsets to Ms. Dillon's monthly social security checks.

    In the civil case (again, *United States v. Dillon*, No. 17-cv-498-BLW), the

---

to strike, or, in the alternative, file a sur-reply, the Court will deem that motion moot, as the issues raised in Ms. Dillon's reply brief have now been fully discussed. *See* Dkts. 226-229, and 232-33.

**MEMORANDUM DECISION AND ORDER - 7**

government obtained a $550,000 judgment. The government explains that because that judgment remains unsatisfied, Ms. Dillon has been placed in the Treasury Offset Program, which offsets a percentage of her ongoing social security benefits to be applied toward the *civil* judgment debt. *See* 31 U.S.C. § 3716(c)(3)(A)(i). After having carefully reviewed the briefing and declarations related to these offsets, the Court is not persuaded that Ms. Dillon is entitled to any relief with respect to these monthly offsets.

C.  **Motion to Stay**

Finally, the Court will deny Ms. Dillon's request to stay the above-captioned case. Dillon has also asked the Court to stay the two related civil actions pending in this district: *United States v. Dillon*, Case No. 17-cv-498-BLW, and *United States v. Dillon*, 23-cv-355-BLW. Ms. Dillons says all three actions should be stayed until the Court has had a chance to resolve all pending motions in all cases. The Court declines to issue such a stay. After this order is issued, the only remaining motion in this criminal case will be Ms. Dillon's Motion for a Writ of Querela Audit, which is not yet ripe.[2] A stay would

---

[2] The Motion for a Writ of Querela Audit was filed on August 17, 2023. *See* Dkt. 234. The government responded on October 3, 2023, after having obtained an extension. *See* Dkts. 237, 239. Ms. Dillon later indicated that she had not seen the government's response, *see* Dkt. 243, which prompted this Court to direct the Clerk to send her a copy of the response and to sua sponte grant an extension of time for her to file the optional reply brief. *See* Dkt. 244. Ms. Dillon's optional reply brief is now due on February 16, 2024. *Id.*

therefore serve no purpose in this case. The Court is also not persuaded that a stay is necessary or advisable in the pending civil cases. Although Ms. Dillon argues that the court's ruling in her motion for a writ of audita querela might dramatically alter the complexion of these lawsuits, the Court believes the better way to manage these lawsuits, and its dockets, is to simply resolve the pending motions as they are presented. The Court will enter short orders in the civil cases denying the motions to stay. (Ms. Dillon filed her motion to stay in all three pending cases.)

## ORDER

IT IS ORDERED that:

1. Defendant's Motion to Quash (Dkt. 219) is **DENIED.**

2. The Government's Motion to Strike (Dkt. 226) is **DEEMED MOOT.**

3. Defendant's Motion for an Extension (Dkt. 230) is **RETROACTIVELY GRANTED.**

4. Defendant's Motion to Cease Service (Dkt. 231) is **DEEMED MOOT** as it appears the government is no longer serving Ms. Dillon's former attorneys.

5. Defendant's Motion to Disqualify (Dkt. 235) is **DENIED.**

6. Defendant's Motion to Stay (Dkt. 240) is **DENIED.**

DATED: January 31, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 10**