UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:16-cr-00037-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| CHERIE R. DILLON, | |
| Defendant. | |

**INTRODUCTION**

Before the Court is Petitioner–Defendant Cherie R. Dillon's Motion for a Writ of Error *Coram Nobis* (Dkt. 251). For the reasons explained below, the Court will deny the motion.

**BACKGROUND**

In 2016, the United States charged Ms. Dillon with twenty-four counts of healthcare fraud and twenty-four counts of aggravated identity theft. *Indictment*, Dkt. 1. The case proceeded to trial. After the Government presented several days of testimony and evidence, Ms. Dillon chose to plead guilty to all counts in the superseding indictment. *Plea Agreement* at 2, Dkt. 50. In doing so, she entered into a plea agreement in which she waived her right to appeal and to collaterally attack her conviction and sentence, subject to limited exceptions. *Id.* The Court conducted

a plea colloquy and accepted Ms. Dillon's guilty plea after determining that it was knowing, voluntary, and supported by a factual basis. *See Change of Plea Tr.* at 23:24–24:2, 30:1–5, 41:6–11, Dkt. 53.

The Court later sentenced Ms. Dillon to a term of imprisonment followed by supervised release and entered orders of forfeiture and restitution.[1] *Sent. Tr.* at 72:18–25, 73:22–25, 74:22–25, 77:8–9, Dkt. 88; Order, Dkt. 102. Ms. Dillon appealed her conviction and sentence. *Notice of Appeal*, Dkt. 82. The Ninth Circuit dismissed her appeal, concluding that her plea was knowing and voluntary—in part because of this Court's "extensive" plea colloquy—and enforcing the appellate waiver contained in her plea agreement. *Order* at 2–3, Dkt. 153 (9th Cir. 2018).

Ms. Dillon subsequently filed a motion to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255, arguing that her counsel had been ineffective by failing to sufficiently warn her of the possible forfeiture outcomes. *Motion* at 3, Dkt. 171. The Court denied that motion. *See Order*, No. 1:19-cv-00320-BLW, Dkt. 8 (D. Idaho Mar. 18, 2021). She later filed a petition for a writ of *audita querela*, arguing that the "collateral consequences flowing from the judgment in this case have rendered the judgment excessive and unfair." *Order* at

---

[1] In December 2017, after Ms. Dillon had been sentenced in the criminal case, the government brought a civil fraud action against her and corporate defendant Dental Healthcare with a Heart, P.C. for substantially similar underlying facts. *See United States v. Dillon*, Case No. 1:17-cv-498-BLW (D. Idaho). Those matters are not before the Court in this petition.

3, Dkt. 247. This Court denied the motion after finding the relief requested "purely equitable" and, thus, inappropriate. *Id.* at 4.

As of this date, Ms. Dillon has completed her sentence of incarceration, and she has satisfied her criminal forfeiture and restitution obligations. Ms. Dillon now asks the Court to issue a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a), seeking to vacate her conviction. *Writ*, Dkt. 251. Ms. Dillon contends that her conviction is invalid based on alleged factual and legal errors, including claims that exculpatory information was not presented and that she acted within the scope of lawful dental practice. *Id.* at 9. She seeks *coram nobis* relief to remedy the "continuing consequences of the lifetime ban to practice dentistry." *Id.* at 14.

## LEGAL STANDARD

A writ of error *coram nobis* is an "extraordinary remedy" available under the All Writs Act, 28 U.S.C. § 1651(a), that "affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). A federal court may grant a writ of error *coram nobis* to correct an error that affects the validity and regularity of a judgment. 28 U.S.C. § 1651(a); *United States v. Morgan*, 346 U.S. 502, 507

(1954); *see also Cervantes-Torres v. United States*, 141 F.4th 1101, 1113–15 (9th Cir. 2025) (Nelson, J., concurring) (discussing the history of this writ).

This remedy is limited to "those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact or egregious legal errors." *Kwan*, 407 F.3d at 1009–10 (quotation omitted). Because of its narrow scope, *coram nobis* relief is granted only in compelling circumstances to achieve justice. *Morgan*, 346 U.S. at 511.

In the Ninth Circuit, a petitioner must establish four requirements to obtain *coram nobis* relief: (1) the unavailability of a "more usual remedy"; (2) valid reasons for the delay in challenging the conviction; (3) adverse consequences from the conviction sufficient to satisfy Article III's case-and-controversy requirement; and (4) an error of the "most fundamental character." *Kwan*, 407 F.3d at 1011.

## ANALYSIS

The Court will deny Ms. Dillon's petition for a writ of error *coram nobis* for two independent reasons. First, her claim is barred by the collateral-review waiver in her plea agreement; and second, even if considered on the merits, she fails to satisfy the stringent requirements for *coram nobis* relief, including showing the absence of other remedies, a valid reason for delay, and an error of the most fundamental character.

### A. Collateral-Review Waiver

Beginning with the waiver issue, Ms. Dillon's plea agreement included a waiver of her right to collaterally attack her conviction and sentence, and such waivers are enforceable when entered knowingly and voluntarily. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011). The Ninth Circuit has already held that Ms. Dillon's plea meets that standard and enforced the waiver on direct appeal. *See Order*, Dkt. 153 (9th Cir. 2018). That determination controls here.

The present petition falls squarely within the scope of that waiver. A petition for a writ of error *coram nobis* is a form of collateral review. *See Cervantes-Torres v. United States*, 141 F.4th 1101, 1106 (9th Cir. 2025). And Ms. Dillon again seeks to vacate her conviction—relief plainly covered by her agreement to waive collateral challenges. *Plea Agreement* at 2, Dkt. 50 ("defendant waives any right to…collaterally attack…the conviction"). Ms. Dillon does not identify any applicable exception to the waiver.

Accordingly, the Court concludes that Ms. Dillon's petition is barred by her collateral-review waiver. Even so, in the interest of completeness, the Court will address the merits of her petition.

### B. Merits of the Petition

Even if Ms. Dillon's petition were not barred by her collateral-review

MEMORANDUM DECISION AND ORDER - 5

waiver, she has not satisfied the requirements necessary to obtain *coram nobis* relief and the petition therefore fails on the merits.[2] *See United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005).

First, Ms. Dillon must show that a "more usual remedy" was unavailable. *Kwan*, 407 F.3d at 1011. In her current petition, Ms. Dillon asserts that "there is no other, more usual, remedy that is available to address these matters." *Writ* at 12, Dkt. 251. But that assertion is contradicted by the record. Ms. Dillon had multiple opportunities to challenge her conviction, including on direct appeal and through collateral review: Ms. Dillon previously pursued relief under 28 U.S.C. § 2255 and later sought relief through a petition for a writ of *audita querela*. These proceedings provided the appropriate vehicles to raise constitutional and legal challenges to her conviction. The fact that those efforts were unsuccessful does not render them unavailable, nor does it open the door to *coram nobis* as an additional round of review.

Second, Ms. Dillon fails to provide valid reasons for her delay in challenging the conviction. *See Kwan*, 407 F.3d at 1011. She pleaded guilty in

---

[2] As noted above, a petitioner must establish four requirements to obtain *coram nobis* relief: (1) the unavailability of a "more usual remedy"; (2) valid reasons for the delay in challenging the conviction; (3) adverse consequences from the conviction sufficient to satisfy Article III's case-and-controversy requirement; and (4) an error of the "most fundamental character." Kwan, 407 F.3d at 1011. As discussed below, Ms. Dillon has failed to establish the first, second, and fourth requirements. Under these circumstances, the Court finds it unnecessary to address the third requirement.

MEMORANDUM DECISION AND ORDER - 6

2017 but did not file this petition until 2025, and she now asserts factual innocence of the very crimes to which she pleaded guilty. The core of her argument—that she was authorized to perform the procedures at issue and is therefore "legally innocent of the charges of fraud"—is based on facts known to her at the time of her plea.

Ms. Dillon does not identify any new facts or intervening law; instead, she reasserts arguments that were available to her at the time of her plea and throughout her prior proceedings. A petitioner cannot delay raising arguments that were available all along. *See United States v. Kroytor*, 977 F.3d 957, 962 (9th Cir. 2020); *United States v. Riedl*, 496 F.3d 1003, 1006–07 (9th Cir. 2007). Ms. Dillon offers no persuasive explanation for her delay.

Third, Ms. Dillon fails to identify an error "of the most fundamental character." *Kwan*, 407 F.3d at 1011. Fundamental errors are "errors of fact and egregious legal errors" that result in an "unconstitutional or unlawful conviction." *See e.g.*, *Kwan*, 407 F.3d at 1009–1010, 1014–15 (ineffective assistance of counsel); *Morgan*, 346 U.S. at 512–13 (denial of right to counsel); *Hirabayashi v. United States*, 828 F.2d 591, 598–99, 604 (9th Cir. 1987) (government misconduct); *United States v. Walgren*, 885 F.2d 1417, 1423 (9th Cir. 1989) (conviction for conduct that was not a crime).

Ms. Dillon's petition rests on the premise that "exculpatory facts were not

presented to the tribunal," that she "did exactly what she was taught to do," and that she "was assured that it was perfectly legal for her to perform those procedures." *Writ* at 8–9, Dkt. 251. But any omission of exculpatory facts flows directly from her decision to plead guilty rather than proceed to trial and present evidence or defenses.

Ms. Dillon chose to plead guilty after the Government presented its case at trial. At that point, she was aware of the evidence against her and the nature of the charges. By pleading guilty, she admitted the factual basis for those charges and waived her right to contest the Government's evidence. *See United States v. Broce*, 488 U.S. 563, 569 (1989). Her current arguments therefore go to the merits of her case—arguments she elected not to pursue—and *coram nobis* does not permit a petitioner to now raise such defenses. *See Morgan*, 346 U.S. at 511.

Nor does Ms. Dillon's claim that counsel failed to present certain defenses transform her petition into one involving fundamental error. *Writ* at 14, Dkt. 251. She previously raised ineffective-assistance claims in her § 2255 motion, and this Court rejected them. *Order*, No. 1:19-cv-00320-BLW, Dkt. 8 (D. Idaho Mar. 18, 2021). *Coram nobis* cannot be used to relitigate those claims under a different label.

At bottom, Ms. Dillon's petition reflects a disagreement with the outcome of her case and a renewed attempt to assert innocence. But a change of heart or

belated assertion of innocence does not constitute the type of fundamental defect that warrants the extraordinary remedy of *coram nobis*.

For these reasons, even if the waiver did not apply, Ms. Dillon's petition would be denied on the merits.

## ORDER

**IT IS ORDERED that**:

1. Defendant's Motion for a Writ of Error *Coram Nobis* (Dkt. 251) is **DENIED**.

2. Defendant's Motion for an Extension of Time (Dkt. 254) is **RETROACTIVELY GRANTED.** The Court considered the brief at Dkt. 255 in resolving the Motion for Writ of Error *Coram Nobis.*

3. Defendant's Request for the Status of Motion for Writ of Error *Coram Nobis* (Dkt. 256) is **DEEMED MOOT.**

DATED: April 29, 2026

B. Lynn Winmill
United States District Judge

MEMORANDUM DECISION AND ORDER - 9